IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHELLE M. DEAN,

        Plaintiff,

v.

DJO, LLC, a Delaware corporation,
DJO INCORPORATED, a Delaware
corporation, I-FLOW CORPORATION,
a Delaware corporation,

        Defendants.

Civ. No. 09-1193-AA
OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff filed suit alleging negligence and strict products liability arising from the post-operative use of a pain pump device in her shoulder joint. Plaintiff alleges that defendant I-Flow Corporation (I-Flow) is liable as the manufacturer and distributor of the pain pump, and that defendant DJO, L.L.C., a former distributor of I-Flow pain pumps, is jointly liable for I-Flow's conduct under the theory of civil conspiracy. DJO, L.L.C. and its alleged parent corporation, DJO Incorporated (DJO), move for dismissal of plaintiff's civil conspiracy claim. The motion is granted.

1 - OPINION AND ORDER

## DISCUSSION

In her complaint, plaintiff alleges that immediately following arthroscopic shoulder surgery, her surgeon implanted an On-Q pain pump catheter into her shoulder joint to administer a continuous infusion of local anesthetics for 72 hours or longer. Plaintiff alleges that the accused On-Q pain pump was "designed, manufactured, marketed, and distributed" by I-Flow. Complaint, p. 2. Plaintiff concedes that she does not assert liability against DJO as a manufacturer, marketer, or distributor of the On-Q pain pump. Rather, plaintiff premises DJO's liability on an alleged civil conspiracy between I-Flow and DJO to "promote the pain pumps for orthopedic use, in violation of [Food and Drug Administration] regulations." Id. at 10.

A civil conspiracy is "a combination of two or more persons" who, through "concerted action," intend to accomplish an unlawful purpose or to accomplish a lawful purpose through unlawful means. Osborne v. Fadden, 225 Or. App. 431, 437, 201 P.3d 278 (2009) (citation omitted); see also Bonds v. Landers, 279 Or. 169, 174, 566 P.2d 513 (1977). A claim for civil conspiracy "is not a separate tort or basis for recovery but, rather, a theory of mutual agency under which a conspirator becomes jointly liable for the tortious conduct of his or her coconspirators." Osborne, 225 Or. App. at 437, 201 P.3d 278; Bonds, 279 Or. at 175, 566 P.2d 513 ("A civil conspiracy is not an independent tort, in the absence of a statute or unusual circumstances."). To establish joint liability under a civil conspiracy theory, plaintiffs must establish the following elements: 1) two or more persons; 2) an object to be accomplished; 3) a meeting of the minds with respect to the object or course of action; 4) one or more unlawful, overt acts; and 5) proximate damages. Id. Further, "[t]he primary purpose of a conspiracy *must* be to cause injury to another." Bonds, 279 Or. at 174 (emphasis added); Bliss v. So. Pac. Co., 212 Or. 634, 642, 321 P.2d 324 (1958) (accord).

2 - OPINION AND ORDER

At this stage of the proceedings, plaintiff must plead "enough facts" to state a theory of civil conspiracy "that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's civil conspiracy theory is premised on the following allegations, which the court accepts as true for purposes of this motion. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007).

As of 1999, I-Flow and DJO knew that the Food and Drug Administration (FDA) had not approved I-Flow pain pumps for intra-articular use, the use for which DJO and I-Flow intended to promote the pain pumps. DJO retained regulatory experts who advised DJO that the intra-articular use of pain pumps was not approved by the FDA and would likely be viewed as a violation of FDA regulations. DJO shared this information with I-Flow, and they subsequently entered into an agreement to conceal the fact that the FDA had not approved pain pumps for intra-articular use, renegotiated the distribution agreement between them, and continued to market and sell pain pumps for the intra-articular infusion of local anesthetics. Plaintiff further alleges that I-Flow and DJO "acted with a common goal of selling pain pumps to orthopedic surgeons . . . and making a profit from those sales, despite the fact that promoting pain pumps for orthopedic use was contrary to federal law." Complaint, p. 11. Plaintiff concludes that "[b]ecause DJO entered into a civil conspiracy with I-Flow to unlawfully promote pain pumps as alleged above, DJO defendants are jointly liable to those harmed by I-Flow's conduct." Id.

Notably, plaintiff does not allege that the purpose of DJO's and I-Flow's agreement was to cause harm. Rather, plaintiff alleges that the purpose of the alleged conspiracy was to continue "selling pain pumps" for intra-articular uses in order to make a "profit." While plaintiff's allegations might allege a conspiracy between DJO and I-Flow to violate FDA regulations, they do not allege

3 - OPINION AND ORDER

a civil conspiracy that was intended to cause harm or injury to plaintiff or to others similarly situated. Plaintiff nonetheless relies on her allegation that DJO "engaged in a prolonged, wanton and malicious course of conduct, with conscious and deliberate disregard of a serious risk" of harm to plaintiff and other patients like her. Complaint, p. 11. However, plaintiff does not allege that the *purpose* of DJO's "wanton and malicious" course of conduct was to harm others such as plaintiff. The conscious disregard of risk is an allegation that may support a claim for punitive damages, but it does not suffice to allege a theory of civil conspiracy as a basis for joint liability against DJO. See Andor v. United Air Lines, Inc., 303 Or. 505, 517, 739 P.2d 18 (1987) (punitive damages "are a penalty for conduct that is culpable by reason of motive, intent, or extraordinary disregard of or indifference to known or highly probable risks to others"). Therefore, under Oregon law, plaintiff fails to state a cognizable theory of civil conspiracy.

Plaintiff also requests leave to amend her complaint if the court finds her allegations deficient. However, I find amendment futile. See Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend."). In response to a similar motion filed by DJO in Flint v. DJO, LLC, *et al.*, 09-1393-AA, doc. 35, plaintiff's counsel presents the factual basis for DJO's alleged conspiracy with I-Flow. Consistent with plaintiff's allegations set forth above, these facts suggest that DJO and I-Flow conspired to violate FDA regulations and to market and sell pain pumps for uses not approved by the FDA in order to gain profit, and in so conspiring, DJO and I-Flow disregarded the risks to patients such as plaintiff. Even with all inferences construed in plaintiff's favor, these facts do not suggest that DJO and I-Flow entered into a conspiracy, the purpose of which was to cause harm to plaintiff or other patients similarly situated. Thus, plaintiff fails to allege a necessary element of civil conspiracy.

4 - OPINION AND ORDER

## CONCLUSION

DJO's Motion to Dismiss (doc. 12) is GRANTED. Given that civil conspiracy is the only alleged basis of liability against DJO, L.L.C., plaintiff's claims against it and DJO, Incorporated are DISMISSED, and all pending motions pertaining to DJO in this action (docs. 38, 42, 57) are DENIED as moot.

IT IS SO ORDERED.

DATED this 14 day of May, 2010.

_____
Ann Aiken
Chief United States District Judge

5 - OPINION AND ORDER